**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Dahleen Ey**

–against–

**Sam's East, Inc.**

**17 Civ. 551 (PED)**

**ORDER FIXING EXPERT FEE**

**PAUL E. DAVISON, U.S.M.J.:**

This case was tried in January and the jury returned a verdict in defendant's favor on January 8, 2020.  The parties thereafter entered into a Stipulation of Discontinuance which specified that the matter is "discontinued with prejudice and without costs to either party as against the other." [Dkt. 52.]

Now before the Court is plaintiff's letter-motion "to set a fee reimbursement for the Defendant's deposition of Plaintiff's expert physician in this matter."  [Dkt. 57.]  Pursuant to Rule 26(b)(4)(E), Fed. R. Civ. P., and for the reasons set forth below, defendant is directed to remit $2,000 to the expert, Harvey Seigel, M.D.

**Background**

On October 15, 2019, plaintiff's counsel submitted a letter requesting a telephone conference to address an unspecified "discovery-related  matter."  [Dkt. 44.]  The Court convened an off-the-record telephone conference on October 21, 2019, whereupon counsel explained that, although defendant stood ready to pay a reasonable fee for Dr. Siegel's July 22, 2019, deposition, defendant had balked at paying the $7,500 "flat fee" the expert had demanded for a deposition lasting less than 90 minutes.  At that time, the Court noted that the federal rules require some relationship between the fee and the services rendered, and urged the parties to negotiate a reasonable fee for the expert.  Plaintiff's counsel was advised that, absent some

compromise, he would have to make a motion to have the expert's fee fixed by the Court.

As noted above, the case proceeded to trial in January, and the parties ultimately stipulated to discontinuance with prejudice.[1]   A month later, plaintiff's counsel wrote to the Court requesting "the intervention of the Court in setting a fair fee for the expert deposition." [Dkt. 53.]   According to plaintiff, defendant had "offered to pay $2,000, or $400 per hour for five hours."   Id.   The Court again directed the parties to confer in an effort to resolve the dispute, but granted plaintiff leave to move to fix the expert's fee if that initiative failed. [Dkt. 54.]

Plaintiff ultimately filed the subject letter motion on March 23, 2020. [Dkt. 55.]   In his motion, plaintiff explains that "Dr. Seigel believes that based on his extensive qualifications and experience, he is entitled to a fee based on his usual and customary fee schedule."   Id.   Plaintiff also provided a copy of "the fee schedule provided to Defendant prior to the Deposition[,]" id., , as well as an affirmation from Dr. Seigel explaining that he always provides his fee schedule before he testifies and that in the past he has always been paid in accordance with that schedule. [Dkt. 55-2 p. 9 (fee schedule); Dkt. 55-1 (affirmation).]

Defendant filed a responsive letter on March 23, 2020. [Dkt. 56.]   Notably, defendant provides a copy of a June 17, 2019 (prior to the deposition) letter to plaintiff's counsel setting forth caselaw concerning expert deposition fees under Rule 26(b)(4)(E), and stating that defendant would pay the reasonable cost of the deposition "as subsequently determined by the Court."   Id., p. 5.

## DISCUSSION

The Federal Rules of Civil Procedure provide that "[a] party may depose any person who

---

[1]Trial of this action was bifurcated, and Dr. Seigel did not testify at the liability trial.

has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)."  Fed. R. Civ. P. 26(b)(4)(E). "The determination of a reasonable fee and for what services, including preparation, falls solely within [the court's] province." Lamere v. N.Y. State Office for the Aging, 223 F.R.D. 85, 93 (N.D.N.Y. 2004); see 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2034 (3d ed. 2010).   "The district courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable" and that "time spent traveling to and from the deposition, and the expenses incurred during travel, so long as they are reasonable, are compensable[.]"   New York v. Solvent Chem. Co., 210 F.R.D. 462, 471-72 (W.D.N.Y. 2002).  In determining the reasonableness of an expert witness's fees, courts consider the following factors: (1) the witness's field of expertise; (2) the education and training required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26. See e.g., Feliciano v. County of Suffolk, 246 F.R.D. 134, 136 (E.D.N.Y. 2007); Frederick v. Columbia Univ., 212 F.R.D. 176, 177 (S.D.N.Y. 2003); Edin v. Paul Revere Life Ins. Co., 188 F.R.D. 543, 546 (D. Ariz. 1999); Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493, 495-96 (S.D. Iowa 1992).

"While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert."   Grady v. Jefferson

County Bd. of County Comm'rs, 249 F.R.D. 657, 662 (D. Colo. 2008). In determining

reasonable fees, courts must keep in mind that "the underlying purpose [of the rule] is to

compensate experts for their time spent participating in litigation and to prevent one party from

unfairly obtaining the benefit of the opposing party's expert work free from cost."   Goldwater v.

Postmaster General, 136 F.R.D. 337, 339 (D. Conn. 1991).   Finally, "[t]he party seeking

reimbursement of deposition fees bears the burden of proving reasonableness.   If the parties

provide little evidence to support their interpretation of a reasonable rate, the court may use its

discretion to determine a reasonable fee."   Solvent Chem. Co., 210 F.R.D. at 468 (citation

omitted).

    Here, the Court will not enforce Dr. Seigel's usual and customary $7,500 fee because it

bears no relationship to the time the expert actually spent in preparing for, traveling to, and

attending his deposition in this case.   Because Rule 26(b)(4)(E) authorizes compensation only

for "time spent in responding to discovery[,]" a witness cannot unilaterally impose a "flat fee"

which is unrelated to time actually spent on deposition-related work and then obtain judicial

enforcement of that fee.   See Mannarino v. United States, 218 F.R.D. 372, 374 (E.D.N.Y.

2003)(" It is simply not reasonable to require parties in every case to pay the same amount

regardless of the actual "services rendered" or "time spent complying with the requested

discovery.")   The Court will accordingly apply its discretion to determine a reasonable fee based

on the scant information the parties have provided.

    First, the Court rejects defendant's suggestion that its obligation to compensate plaintiff's

expert for his time was extinguished by the stipulation of discontinuance which terminated the

underlying litigation. [Dkt. 56, p. 2.]  That terse stipulation states only that the matter is

"discontinued with prejudice and without costs to either part as against the other." [Dkt. 52.]

4

Rule 26(b)(4)(E)(i) requires the party deposing an expert to "pay the expert," not the opposing party, and the plain language of  the stipulation does not suggest that the defendant's obligation to the non-party expert is affected by its terms.  If the parties wished to address Dr. Seigel's deposition fee in their stipulation, they could have said so.

    As to a reasonable fee for the expert's testimony, the Court first notes that plaintiff has supplied a copy of Dr. Seigel's *curriculum vitae*, which amply demonstrates the doctor's qualifications as an expert orthopedic surgeon.   Notably, defendant does not question Dr. Seigel's qualifications.  Accordingly, the Court should award Dr. Seigel an expert fee appropriate for an orthopedic surgeon.

    Plaintiff has provided Dr. Seigel's self-devised fee schedule – unhelpful in this context – but has failed to supply any information whatsoever concerning the going rate for orthopedic surgeon testimony.  Defendant urges the Court to follow a decade-old precedent awarding $250 per hour for an orthopedic surgeon.  See Reit v. Post Properties, No. 9 Civ. 5455(RMB)(KNF), 2010 WL 4537044 at * 6 (S.D.N.Y. Nov. 4, 2010).   The Court finds, however, that subsequent authority supports a $400 per hour fee for expert witnesses in Dr. Seigel's discipline.  See Ortiz v. Aircraft Service Int. Group, No. 12 CV 3233 (ENV)(RML), 2013 WL 5307995 at * 2 (E.D.N.Y. Sept. 19, 2013)(finding that "expert orthopedic surgeons consistently have been awarded $400 per hour" and collecting cases).   The Court will adopt $400 as Dr. Seigel's hourly rate.

    Plaintiff has likewise provided no information whatsoever concerning the amount of time Dr. Seigel expended on this project.  According to defendant – whose recitation the Court will accept in the absence of any contrary information – the deposition lasted about an hour and a half, and required Dr. Seigel to travel back and forth from Goshen, New York, to White Plains, a

5

50 mile drive which should take about one hour each way.  Although the Court has no information concerning how much time Dr. Seigel required to prepare for the deposition, the Court will assume, as defendant suggests, that preparation time was roughly equivalent to the time expended in the deposition itself.

 Accordingly, the Court concludes that Dr. Seigel should be compensated at a rate of $400 per hour for one and one half hours' deposition time, one and one half hours' preparation time, and two hours' travel time.[2]  Defendant shall remit the sum of $2,000 to compensate Dr. Seigel for submitting to a deposition.

Dated: May 12, 2020
   White Plains, New York

       **SO ORDERED**

       _____
        Paul E. Davison, U.S.M.J.
        United States Magistrate Judge

---

[2]Because only local travel was required, the Court declines to reduce the expert's hourly fee for the travel time.